RAMÓN LUIS CARRO UMPIERRE, representado por su padre con patria potestad, FELIPE CARRO, demandante y apelado, *v.* CARLOS R. MATOS, en su carácter de Secretario Registrador del Colegio de Agricultura y Artes Mecánicas de la Universidad de Puerto Rico, demandado y apelante.

Núm. 9425.—*Sometido:* Mayo 9, 1947. *Resuelto:* Junio 16, 1947.

*James E. Curry y Arnaldo P. Cabrera,* abogados del apelante; *Enrique Báez García,* abogado del apelado.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

La Corte de Distrito de Mayagüez declaró con lugar la petición de *mandamus* en este caso y en su consecuencia ordenó al demandado en su carácter de Secretario Registrador del Colegio de Agricultura y Artes Mecánicas de la Universidad de Puerto Rico que procediera a matricular al peticionario como estudiante regular de dicho Colegio.(1)   El demandado apeló.   Los hechos, sucintamente expuestos, son los siguientes:

Ramón Luis Carro Umpierre se graduó y obtuvo su diploma de escuela superior con un índice académico inferior al requerido por el reglamento aprobado por la extinta Junta de

(1)Igual decisión rindió en los casos que son objeto de los recursos números 9426, 9427 y 9445 y los cuales serán resueltos a virtud del presente.

Síndicos de la Universidad de Puerto Rico, pero que aún está en vigor, para admitir estudiantes a dicha Universidad. Fundándose en dicho motivo el demandado, en su carácter de Secretario Registrador del Colegio de Agricultura y Artes Mecánicas denegó la admisión del peticionario como estudiante en dicho Colegio. Presentó entonces el peticionario el presente recurso de mandamus con el resultado antes expuesto. La corte inferior sintetizó el problema envuelto diciendo que "La única cuestión a resolver por la corte se reduce a decidir si la Universidad de Puerto Rico tiene autoridad para exigir un índice académico para ingresar en dicho centro educativo superior al índice académico que el Departamento de Instrucción requiere de los alumnos para expedirles diploma de escuela superior" y, basándose en el artículo 17 de la Carta Orgánica, (²) resolvió que dicho artículo faculta al Comisionado de Instrucción para dirigir la instrucción pública en toda la isla y preparar todos los cursos de estudios y que por tanto ". . . cualquier reglamentación contraria a las normas aprobadas por el Comisionado de Instrucción debe entenderse anticonstitucional," pues "Si se permitiera a la Junta de Síndicos de la Universidad de Puerto Rico exigir mayores requisitos para ingresar en dicho centro que los exigidos *indirectamente* por el Departamento de Instrucción, sería tanto como reconocer en la Junta de Síndicos poder bastante para anular las facultadas orgánicas del Comisionado de Instrucción de Puerto Rico." (Bastardillas nuestras.)

El nervio de la cuestión en este caso consiste precisamente en el hecho de que; aceptando, sin resolverlo, que la frase

---

(²)Dicho artículo dispone que:

"El Comisionado de Instrucción dirigirá la instrucción pública en toda la Isla; todo desembolso propuesto por cuenta de la misma deberá ser aprobado por él, y preparará todos los cursos de estudio, con sujeción a la desaprobación del Gobernador si éste deseare intervenir. Preparará reglamentos para la selección de maestros, y los nombramientos de maestros por las juntas escolares estarán sujetos a su aprobación, y desempeñará los demás deberes no incompatibles con esta Ley, que se le asignaren por ley."

"Instrucción pública", usada en el artículo 17 de nuestra Carta Orgánica, cuya "dirección" se pone en manos del Comisionado de Instrucción, incluya, además de la instrucción elemental y de escuela superior, también la instrucción universitaria, nada hay en las alegaciones ni en la prueba que tienda a demostrar o demuestre, que el Comisionado de Instrucción haya afirmativamente establecido cuáles son los requisitos mínimos para que un estudiante pueda ingresar en la Universidad de Puerto Rico. Si algo ha hecho el Comisionado "indirectamente" (usando la palabra de la corte inferior) es aprobar, como Presidente de la extinta Junta de Síndicos y de la actual Junta Superior de Enseñanza, los requisitos establecidos por la primera de estas Juntas.

Pero es que no tenemos que entrar a considerar el problema en la forma que lo planteó el peticionario y resolvió la corte inferior, precisamente por el hecho de que el Comisionado de Instrucción es el que podría, si creyera que la Junta universitaria había asumido facultades que no le corresponden, aprobar la reglamentación que a su juicio procediera aplicar a la Universidad y de no ser aceptada por dicha entidad, la cuestión podría ser entonces planteada ante los tribunales. En otras palabras, nos limitamos a resolver que el peticionario, como estudiante potencial de la Universidad de Puerto Rico, no es el llamado a poner en tela de juicio la legalidad del reglamento universitario por supuesta violación de la Carta Orgánica en cuanto a la facultad que le concede el artículo 17 al Comisionado de Instrucción para dirigir la instrucción pública en Puerto Rico, en ausencia de alegación en su petición de que dicha reglamentación ha sido repudiada por el Comisionado de Instrucción al establecer otra en conflicto con la misma. El hecho de que al peticionario se le otorgara un diploma de escuela superior por el Departamento de Instrucción no equivale a establecer, "indirectamente," los requisitos para su ingreso en la Universidad como resolvió la corte inferior. La concesión de dicho diploma sólo acre-

468

dita que el peticionario aprobó cierto curso de escuela superior pero puede no ser *per se* suficiente para autorizarlo a seguir estudios universitarios, bien sea por reglamentación de la Universidad o del propio Comisionado de Instrucción. Carece de méritos la afirmación de que graduar a un estudiante de escuela superior con índice inferior al requerido para ingresar en la Universidad "resulta un acto inútil, una pérdida de tiempo por el estudiante y un gasto de dinero perdido por El Pueblo," ya que la sola exposición de esos hechos demuestra su flaqueza. El estudiar en una escuela superior nunca es un acto inútil ni pérdida de tiempo y el Gobierno está obligado a sufragar, dentro de ciertos límites, dichos gastos. Lo que sí se ha resuelto varias veces es que una universidad no forma parte del sistema de escuelas públicas del estado,(³) empero no estamos adelantando opinión alguna en cuanto a si el concepto de "instrucción pública" usado en el artículo 17, supra, incluye o no la instrucción universitaria.

No apareciendo de las alegaciones contenidas en la petición que el demandado como Secretario Registrador del Colegio de Agricultura y Artes Mecánicas de la Universidad de Puerto Rico esté obligado por ley a cumplir el acto de matricular al peticionario y apareciendo por el contrario que se limitó a dar cumplimiento a los reglamentos vigentes de dicha institución, a nuestro juicio la petición no aduce hechos constitutivos de una causa de acción y en su consecuencia *la sentencia será revocada y desestimada la petición.*

---

(³)*Regents of University* v. *Board of Education,* 20 Okla. 809, 95 P. 429; *In re Opinion of the Justices,* 102 N.E. 464; *Pollitt* v. *Lewis,* 269 Ky. 680, 108 S.W. 2d 671.